UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

```
_____
                               )
ALICE ANN FRIENDS,             )
         Plaintiff,            )
                               )
         v.                    )
                               )  06-CV01762-ESH
MICHAEL J. ASTRUE,             )
         Defendant.            )
                               )
_____)
```

PLAINTIFF'S MOTION FOR CONTINUANCE TO ALLOW DISCOVERY IN ORDER TO RESPOND TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

Pursuant to Rule 56(f), plaintiff hereby moves for a continuance to allow discovery in order to respond to defendant's motion for summary judgment as to count II of the complaint.

In support of this motion, plaintiff relies on the accompanying declarations and memorandum of points and authorities.

- 2 -


Respectfully submitted,

/s/

Phillip R. Kete
General Counsel, AFGE Local 1923
G-314 West Highrise
6401 Security Blvd.
Baltimore, MD  21235
D.C. Bar No. 375724
(410) 966-6500


March 8, 2007

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
                              )
ALICE ANN FRIENDS,            )
        Plaintiff,            )
                              )
        v.                    )
                              )   06-CV01762-ESH
MICHAEL J. ASTRUE,            )
        Defendant.            )
                              )
_____)


PLAINTIFF'S MEMORANDUM IN SUPPORT OF RULE 56(f) MOTION TO

POSTPONE CONSIDERATION OF DEFENDANT'S MOTION FOR SUMMARY

JUDGMENT ON COUNT II


This is a two-count complaint.  The parties have filed cross-motions for summary judgment as to count I, reflecting a mutual belief that this count can be decided without discovery.

Defendant's summary judgment motion, however, also covers count II.  As provided in Rule 56(f), that motion should be denied, or its consideration postponed pending completion of discovery.[1]

---

[1] We are also filing a substantive opposition to defendant's motion, showing that even on the evidence currently available there are sufficient genuine issues regarding material facts as to warrant denial of the motion under Rule 56(c).

Defendant seeks summary judgment on count II by claiming that Ms. Friends must prove her case through circumstantial evidence under *McDonnell Douglas v. Green*, 411 U.S. 792 (1973), and then he attempts to show that on the present record there is no evidence by which Ms. Friends could succeed in doing so. According to defendant, it is undisputed that Ms. Friends was not even covered by the Rehabilitation Act (because, according to defendant, it is undisputed that Ms. Friends was not a qualified employee), it is undisputed that defendant has articulated, through admissible evidence, a non-discriminatory reason for firing Ms. Friends, and it is undisputed that the articulated reason is not a mere pretext for discrimination. Therefore, defendant argues, the court should summarily grant judgment to defendant on count II.

For the reasons that follow, Ms. Friends is entitled to discovery before opposing defendant's motion.

A.  SUMMARY JUDGMENT IS BARRED WHERE THE NON-MOVANT HAS NOT HAD AN OPPORTUNITY TO DISCOVER INFORMATION ESSENTIAL TO HER OPPOSITION.

The Supreme Court has expressly ruled that the obligation to respond to a summary judgment motion in any case does not arise until the nonmoving party has had an opportunity for discovery that may be necessary:

> Rule 56(e) provides that, when a properly supported motion for summary judgment is made, the adverse party "must set forth specific facts showing that there is a genuine issue for trial."[5]

---

5. This requirement in turn is qualified by Rule 56(f)'s provision that summary judgment be refused where the nonmoving party has not had the opportunity to discover information that is essential to his opposition.

*Anderson v. Liberty Lobby,* 477 U.S. 242, 250 n. 5 (1986).

In the companion case on the same subject, the Court reiterated that Rule 56(c)'s mandate of summary judgment arises only after there has been adequate time for discovery:

> In our view, the plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial.

*Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986)

(emphasis added).

The Court went on to emphasize that Rule 56(f) can and should be relied on if summary judgment is sought prematurely, i.e., while discovery was still necessary:

> The parties had conducted discovery, and no serious claim can be made that respondent was in any sense "railroaded" by a premature motion for summary judgment. Any potential problem with such premature motions can be adequately dealt with under Rule 56(f), which allows a summary judgment motion to be denied, or the hearing on the motion to be continued, if the nonmoving party has not had an opportunity to make full discovery.

477 U.S. at 326 (footnote omitted).

B.  RULE 56'S EXPECTATION THAT DISCOVERY WILL PRECEDE SUMMARY JUDGMENT APPLIES TO EMPLOYMENT DISCRIMINATION LITIGATION.

In *Swierkiewicz v. Sorema*, 534 U.S. 506 (2002), the Supreme Court held that employment discrimination plaintiffs do not have to even plead the elements of a *McDonnell-Douglas* prima facie case. One reason is that although a plaintiff can file suit without any direct evidence of discrimination, he is entitled to search for that evidence through discovery:

- 4 -

> Under the Second Circuit's heightened pleading standard, a plaintiff without direct evidence of discrimination at the time of his complaint must plead a prima facie case of discrimination, even though discovery might uncover such direct evidence. It thus seems incongruous to require a plaintiff, in order to survive a motion to dismiss, to plead more facts than he may ultimately need to prove to succeed on the merits if direct evidence of discrimination is discovered.

534 U.S. at 511-2.

Thus, although we do not presently have direct evidence of malicious discrimination,[2] we are entitled to a reasonable amount of discovery to search for it.

Another reason given by the Court is that discovery might be needed even to define the prima facie case:

> Before discovery has unearthed relevant facts and evidence, it may be difficult to define the precise formulation of the required prima face case in a particular case.

534 U.S. at 512.

C. PLAINTIFF HAS NOT WAIVED HER RIGHT TO DISCOVERY.

It appears that the vast majority of Rule 56(f) disputes concern the non-movants' request for an opportunity for additional discovery, rather than for initial discovery.

---

[2] **As we will discuss below, discrimination under the Rehabilitation Act can be proved without evidence of mali**ce.

Here, plaintiff has not yet had an opportunity for discovery. Fed.R.Civ.Proc. 26(d) bars the initiation of discovery prior to the conference required by Rule 26(f), which in turn is tied to the scheduling conference and order under Rule 16(b), which have not taken place.

D.   THE NEED FOR DISCOVERY IS SUPPORTED BY AFFIDAVITS.

The accompanying declaration, affirmed both by Ms. Friends and her counsel, identifies numerous facts material to count II as to which discovery is necessary.

These include:

1.   Whether Ms. Wells acted with hostility out of annoyance with Ms. Friends' requests for accommodation. [Direct evidence of discrimination].

2.   Whether there were appropriate vacancies to which Ms. Friends could have been reassigned. [Credibility of claim that Ms. Friends was discharged because she could not perform at the GS 11 level].

3.   Whether the misconduct alleged in Ms. Wells' June 8, 2004 memorandum was or was not one of the reasons for Ms. Walters firing her in September 2004. [Mixed-motive].

    4.    Whether the agency in fact considered Ms. Friends to have been a qualified employee in September 2003. [Prima facie qualifications].

    5.    Whether defendant fired Ms. Friends for not meeting the GS 11 performance standards or for not meeting the standards for the lower grade (which, according to defendant, Ms. Friends did meet in September 2003). [Credibility of claim that Ms. Friends was discharged because she could not perform at the GS 11 level].

    6.    Whether non-disabled employees are held to the full-performance level standards in their second year of employment and, if so, whether their failure to meet those standards is dealt with by firing or by reassignment. [Pretext].

    7.    Whether defendant ignores the civil service regulations government performance during the second year of employment for non-disabled employees.  [Pretext].

    8.    Whether it is the agency's policy to fire employees when it is determined, before the end of the employee's probationary period, that the employee is not qualified for the position.  [Mixed-motive].

    9.    What the GS 11 performance standards are.  [Prima facie;  pretext].

    10.   How far Ms. Friends' performance fell short of the GS 11 performance standards.  [Prima facie;  pretext].

    11.   The records of the March 2004 claim in which Ms. Friends was unable to understand the claimant because of his stutter.  [Prima facie;  pretext].

    12.   The records of all the claims relied upon in determining that Ms. Friends made errors.  [Prima facie; pretext].

    13.   Whether non-disabled employees are punished for continuing to ask questions of their mentors until they understand they no longer have to do so.  [Prima facie; pretext].

    14.   Whether Ms. Wells' statement that she noticed that Ms. Friends had difficulty "asking the right questions in a manner that claimants could understand"  referred to Ms. Friends' speech and grammar or to something else. [Prima facie;  pretext].

    15.   Whether Ms. Wells' statement that Ms. Friends did not appear to understand what response she was being given by the claimants meant that she saw that Ms. Friends could not tell what the claimants were trying to say, or whether she meant something else.  [Prima facie;  pretext].

CONCLUSION

The motion should be granted.

Respectfully submitted,

/s/

Phillip R. Kete
General Counsel, AFGE Local 1923
G-314 West Highrise
6401 Security Blvd.
Baltimore, MD   21235
D.C. Bar No. 375724
(410) 966-6500

March 8, 2007

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| ALICE ANN FRIENDS,<br>    Plaintiff,<br><br>v.<br><br>MICHAEL J. ASTRUE,<br>    Defendant. | )<br>)<br>)<br>)<br>)<br>) 06-CV01762-ESH<br>)<br>)<br>)<br>) |

DECLARATION OF ALICE ANN FRIENDS IN SUPPORT
OF RULE 56(F) MOTION

1. I believe one of the reasons Ms. Wells and Mr. Walker acted with hostility towards was that they were annoyed by my need for accommodation. I cannot confirm this without taking their depositions and reviewing records they and the agency made.

2. One of the accommodations I requested was worded as other adjustments to work environment as needed, to include relocation, which Mr. France correctly interpreted as a request for reassignment. I cannot know what vacancies were available or what their qualification requirements without access to the agency's records.

3.  Defendant's summary judgment motion says that part of the reason I was fired was the misconduct alleged in Ms. Wells' June 8, 2004, memorandum.  On the other hand, Ms. Walters' September 10, 2004, memorandum does not refer to that alleged misconduct.  I cannot know without taking Ms. Walters' deposition and discovering agency documents to know whether in fact the June 8 allegations were part of the reason I was fired.

4.  The agency rated me successful for the year ending September 2003.  Nevertheless, Defendant has asserted that I was never a qualified employee.  Without discovery, I do not know whether defendant is repudiating the earlier ratings or simply arguing that they are irrelevant.

5.  Defendant and Ms. Walters have explicitly stated that a factor in deciding to fire me was the need I had to meet GS 11 performance standards.  This is consistent with what Mr. Walker and Ms. Wells kept telling me throughout late 2003 and all of 2004.  Nevertheless, defendant seems to argue that I was fired in part because I could not perform claims representative duties at any grade level. Without discovery, I cannot know for sure whether I was fired for the reason I was told, or because of an alleged inability to perform acceptably even at the GS 9 level.

6. The career ladder for claims representatives runs GS 5, 7, 9, 11. It is inherently unbelievable that every new claims representative, regardless of the grade he or she was hired at, would be held to the full performance level in her second year of employment. I need discovery from the agency to confirm this, and, particularly, to find out whether non-disabled employees have ever been held to that standard in their second year of employment.

7. As will be argued in the opposition memorandum being filed on my behalf, the civil service regulations require certain information and assistance to be provided for all employees after they have completed one year of service. Although I presume the agency generally complies with these regulations for non-deaf employees, I need discovery to confirm this.

8. As will be argued in the opposition memorandum being filed on my behalf, it seems clear that the agency considered me to be unqualified for my position because I could not successfully speechread claimants when I interviewed them. If defendant nevertheless claims he would not have fired me for this alleged lack of qualification, I need discovery from the agency to establish the policy followed when management believes

during an employee's probationary period the employee is not qualified for the positions.

9. I do not know what the GS 11 performance standards were. I need to obtain that information from the agency through discovery.

10. Ms. Wells never told me how far my performance fell short of the GS 11 performance standards. I need to obtain that information from the agency through discovery.

11. The only specific instance of poor performance alleged in the June 28, 2004, memorandum was a case that occurred in March 2004. As Ms. Wells states, it involved a claimant who I could not understand at all because he spoke with a stutter. I cannot respond to the accusation of error in detail at this point without access to the records of it.

12. In order to fully respond to the allegations made against me in the June 28 and September 10, 2004, memorandums, I need access to the records of the claims that were referred to. I cannot get that access without discovery from the agency.

13. Paragraph 11 of defendant's statement of facts indicates that Mr. Walker did not like being my mentor because I "committed many errors and would repeatedly ask him the same questions." I had thought that I was supposed

to ask my mentor questions on any subject until I understood the answers.  I had also thought that the reason I was given a mentor was that I made errors, that if I did not commit errors I would not have a mentor in the first place.  I believe that discovery will show that management agreed with my understanding of the mentor-employee relationship rather than Mr. Walker's understanding of it.

14.  Paragraph 14 of defendant's statement of facts indicates that Ms. Wells noticed that I had difficulty "asking the right questions in a manner that claimants could understand."  Without discovery I cannot know for sure whether Ms. Wells meant that my speech and grammar were inadequate, or whether she meant something else.

15.  Paragraph 14 of defendant's statement of facts indicates that Ms. Wells noticed that I did not appear to understand what response I was being given by the claimants.  Without discovery I cannot know for sure whether Ms. Wells meant that she saw that I could not tell what the claimants were trying to say, or whether she meant something else.

I declare under penalty of perjury that the above statements are true.

_____    3-5-07
ALICE ANN FRIENDS                   DATE

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

ALICE ANN FRIENDS, )
    Plaintiff, )
)
v. )
) 06-CV01762-ESH
MICHAEL J. ASTRUE, )
    Defendant. )
)

DECLARATION OF COUNSEL IN SUPPORT OF

RULE 56(F) MOTION

1. My name is Phillip R. Kete. I am counsel for the plaintiff in this case.

2. I have reviewed the accompanying memorandum of Ms. Friends in support of the Rule 56(f) motion.

3. The last sentence in each paragraph of Ms. Friends' memorandum states that without discovery she does not know particular facts.

4. I adopt as my own, with suitable grammatical changes (*i.e.*, changing "I" and "me" to "Ms. Friends", and changing to "my" to "Ms. Friends'"), each of those paragraphs.

I declare under penalty of perjury that the above statements are true.

_____
PHILLIP R. KETE

March 8, 2007

```
                    UNITED STATES DISTRICT COURT
                    FOR THE DISTRICT OF COLUMBIA
```

```
_____
                               )
ALICE ANN FRIENDS,             )
      Plaintiff,               )
                               )
      v.                       )
                               )  06-CV01762-ESH
MICHAEL J. ASTRUE,             )
      Defendant.               )
                               )
_____)
```

ORDER

Upon consideration of plaintiff's motion, and the entire record, it is this _____ day of _____, 2007, ORDERED that plaintiff need not respond to defendant's motion for summary judgment as to Count II of the complaint until discovery has been completed.

_____
ELLEN SEGAL HUVELLE
UNITED STATES DISTRICT JUDGE