IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|   |   |   |
|---|---|---|
| **ALICE ANN FRIENDS**, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No.: 06-1762 (ESH) |
| | ) | |
| **MICHAEL J. ASTRUE**, [1] | ) | |
| Commissioner of the Social Security | ) | |
| Administration, | ) | |
| | ) | |
| Defendant. | ) | |

## ANSWER

Defendant, Michael J. Astrue, Commissioner of the Social Security Administration, by and through his undersigned counsel, respectfully submits the following Answer to Plaintiff's Complaint.

### FIRST DEFENSE

Plaintiff has failed to state a claim upon which relief may be granted.

In response to the numbered paragraphs of the Complaint, Defendant admits, denies, and avers as follows:

1. This Paragraph contains Plaintiff's statutory basis for her claim, to which no response is required.

### JURISDICTION AND VENUE

2. This Paragraph contains Plaintiff's jurisdictional allegation, to which no response

---

[1] On February 12, 2007, Michael J. Astrue became the Commissioner of Social Security and should, therefore, be substituted for former Commissioner Jo Anne B. Barnhart as the defendant in this action. See Fed. R. Civ. P. 25(d)(1).

is required.

3. Defendant admits the allegations contained in paragraph 3 of the complaint.

## TIMELINESS AND EXHAUSTION

4. In response to Paragraph 4 of the Complaint, to the extent that Plaintiff alleges she was constructively discharged and not a trial or probationary employee, Defendant denies that Plaintiff has exhausted her administrative remedies because she failed to present her constructive discharge claim before the Merit Systems Protection Board.

5. Defendant admits that Plaintiff filed a complaint of discrimination on September 18, 2004. In response to the remaining allegations contained in Paragraph 5, Defendant states that an administrative judge for the Equal Employment Opportunity Commission dismissed Plaintiff's administrative complaint on October 17, 2006.

## PARTIES

6. Defendant admits that Plaintiff was employed with the Social Security Administration from September 22, 2002, through September 16, 2004.

7. Defendant admits that Jo Anne B. Barnhart was the Commissioner of the Social Security Administration at the time this action was filed. Defendant states that Michael J. Astrue became the Commissioner of the Social Security Administration on February 12, 2007, and has been automatically substituted as the proper defendant.

## COUNT I

8. Defendant admits the allegations contained in paragraph 8 of the complaint.

9. Defendant admits the allegations contained in paragraph 9 of the complaint.

10. The allegations contained in paragraph 10 of the complaint are legal conclusions to which no response is required. To the extent a response is deemed required, Defendant denies

the allegations contained in paragraph 10 of the complaint.

11.     The allegations contained in paragraph 11 of the complaint are legal conclusions to which no response is required.  To the extent a response is deemed required, Defendant denies the allegations contained in paragraph 11 of the complaint.

12.     The allegations contained in paragraph 12 of the complaint are legal conclusions to which no response is required.  To the extent a response is deemed required, Defendant denies the allegations contained in paragraph 12 of the complaint.

## COUNT II

13.     Defendant incorporates his prior responses.

14.     Defendant admits that, on October 22, 2003, Ms. Friends's performance was rated satisfactory for her first assessment year during her two-year probationary or trial period.

15.     The allegations contained in paragraph 15 of the complaint are legal conclusions to which no response is required.  To the extent a response is deemed required, Defendant denies the allegations contained in paragraph 15 of the complaint.

16.     Defendant denies the allegations contained in Paragraph 16 of the complaint. Defendant avers that prior to 2004 there were concerns raised often about Ms. Friends' ability to perform her work satisfactorily.

17.     Defendant denies the allegations contained in Paragraph 17 of the complaint.

18.     Defendant denies the allegations contained in Paragraph 18 of the complaint.

19.     Defendant denies the allegations contained in Paragraph 19 of the complaint.

20.     Defendant denies the allegations contained in Paragraph 20 of the complaint.

21.     Defendant denies the allegations contained in Paragraph 21 of the complaint.

22.     The allegations contained in paragraph 22 of the complaint are legal conclusions

to which no response is required. To the extent a response is deemed required, Defendant denies the allegations contained in paragraph 22 of the complaint.

The WHEREFORE paragraph of the complaint contains Plaintiff's prayer for relief, to which no response is required. To the extent that a response is deemed necessary, Defendant denies that Plaintiff is entitled to any of the relief she seeks in her prayer for relief.

Defendant denies all allegations contained in the complaint that he has not specifically admitted.

WHEREFORE, Defendant hereby requests that this Court dismiss Plaintiff's complaint and enter an order providing Defendant with all appropriate relief and remedies as may be deemed just and proper.

Respectfully submitted,

   /s/ Jeffrey A. Taylor
JEFFREY A. TAYLOR, D.C. BAR # 498610
United States Attorney

   /s/ Rudolph Contreras
RUDOLPH CONTRERAS, D.C. BAR # 434122
Assistant United States Attorney

   /s/ Michelle N. Johnson
MICHELLE N. JOHNSON, D.C. BAR # 491910
Assistant United States Attorney
United States Attorney's Office
Civil Division
555 4th Street, N.W. – Room E4212
Washington, D.C. 20530
(202) 514-7139

COUNSEL FOR DEFENDANT

Of Counsel:

Nicholas R. Cerulli
Craig Ormson
Assistant Regional Counsel
Social Security Administration
Office of the General Counsel – Region III
P.O. Box 41777
Philadelphia, PA 19101