UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

ALICE ANN FRIENDS,

    Plaintiff,

    v.                             C.A. No. 06-1762 (ESH)

MICHAEL J. ASTRUE,
   Commissioner, Social
Security Administration,

    Defendant.

## VOLUNTARY STIPULATION OF SETTLEMENT AND ORDER OF DISMISSAL

The parties to the above-captioned action, Alice Ann Friends ("Plaintiff") and Michael J. Astrue, in his official capacity as the Commissioner, Social Security Administration ("Defendant") (collectively, the "Parties"), hereby enter into the following Voluntary Stipulation of Settlement and Order of Dismissal ("Stipulation"). In order to resolve the matters in dispute in the above-styled action without further expense or delay, Plaintiff and Defendant unconditionally agree to the following terms:

1. Plaintiff and Defendant enter into this Stipulation in order to make full and final settlement of any and all matters that Plaintiff raised or could have raised in this action. Plaintiff agrees to accept the terms set forth herein in full

satisfaction and settlement of any and all claims, demands, rights and causes of action of any nature based upon, arising from, or related to Plaintiff's employment with Defendant, including but not limited to any and all claims Plaintiff asserted or could have asserted in the above-styled action, based upon acts or events occurring up to the date this Stipulation is filed with the Court.

2. The Defendant shall, subject to the conditions and limitations set forth herein, pay the gross amount of Two Hundred and Fifty Thousand Dollars ($250,000.00), inclusive of all attorney's fees, costs and expenses in full and final settlement of the above-styled action and any and all claims that could or should have been brought as of the date of the filing of this Stipulation by the Court. The payment of the foregoing sum shall be made in two checks, with $200,000 payable to Plaintiff and $50,000 payable to the AFGE Local 1923 Legal Representation Fund. The Parties understand that Plaintiff shall be responsible for tax liabilities to her, if any, arising from payments made pursuant to this agreement. Defendant takes no position on whether Plaintiff has any tax liabilities arising out of this Settlement.

3. Defendant also agrees to rescind the memoranda dated June 8, 2004, June 28, 2004, and September 10, 2004.

4. Plaintiff may refer all prospective employers to Defendant's Center for Human Resources in Philadelphia, Pennsylvania. An employee from that office responding to an

inquiry from a prospective employer about Plaintiff's employment with Defendant will tell such prospective employer that Plaintiff was hired as a GS-9 in September 2002, that she was promoted to the GS-11 in September 2003, and that she resigned in September 2004.

5. This Stipulation shall represent the full and complete satisfaction of all Plaintiff's claims arising from the allegations set forth in the Complaint filed in this action, including (but not limited to) all claims of violations of the Rehabilitation Act of 1973, 29 U.S.C. §§ 701 et seq., and all claims for damages or equitable relief. The settlement also includes, without limitation, full and complete satisfaction of all of Plaintiff's claims for compensatory damages, costs, attorney's fees, and interest or other compensation.

6. By this Stipulation, Plaintiff waives, releases, discharges, and abandons any and all claims, whether asserted or un-asserted, against the Defendant and/or his agents, servants or employees, past or present, that arose as a result of Plaintiff's employment or other contacts with the Defendant, and based upon acts or events occurring up to the date this Stipulation is filed with the Court. Such waived, released, discharged, and abandoned claims include, but are not limited to, those raised in this litigation, and any other claims arising out of the events involved in this litigation, or claims arising from Plaintiff's employment or other contacts with Defendant, and based upon acts or events occurring up to the

date this Stipulation is filed with the Court. This Stipulation shall also include all Plaintiff's claims for attorney's fees and costs incurred in connection with any administrative filings and processes, the District Court litigation process, and any other proceedings involving the claims raised in this action, except as otherwise specified above.

7. Defendant, and his agents, servants and employees, permanently and completely release and discharge Plaintiff from any claims arising out of her employment with Defendant, with the exception of any claims Defendant may have concerning the computation of Plaintiff's pension or other retirement benefits, that do not relate to the claims in the Complaint, and any claims concerning fraud, violations of criminal statutes, or income tax matters.

8. Plaintiff agrees not to institute any other actions, charges, complaints, appeals or other proceedings against Defendant or any of Defendant's past or present employees, officers, agents or representatives concerning any matter related to the same claims or issues she raised in this action or her employment or other contacts with Defendant of which she knew or should have known as of the date on which she signed this Stipulation.

9. Plaintiff acknowledges that she has read this entire Stipulation, that she understands all of its terms and conditions, and that she is freely and voluntarily entering into this Stipulation. Plaintiff further acknowledges that she has

been represented in settlement negotiations by her undersigned attorney, and that Plaintiff's attorney has reviewed and explained the provisions of this Stipulation to Plaintiff's satisfaction, and that Defendant has provided reasonable and sufficient time for this purpose. Further, Plaintiff acknowledges that Defendant has not imposed any undue hardship, duress, or coercion in connection with the execution of this document.

10. Execution of this Stipulation of Settlement shall not constitute a finding by the Court or an admission by the Defendant that Defendant, Defendant's agents, servants, or employees violated any laws or regulations as alleged in the complaints, or that there was any wrongful conduct whatsoever. This Stipulation of Settlement is entered into by both parties for the sole purpose of compromising disputed claims and avoiding the expenses and risks of further litigation.

11. Execution of this Stipulation of Settlement by Plaintiff's counsel and counsel for the Defendant shall constitute a dismissal of this action with prejudice, pursuant to Rule 41(a)(1)(ii) of the Federal Rules of Civil Procedure.

12. This Stipulation shall be binding upon and inure to the benefit of the Parties hereto and their respective successors and assigns.

13. The Parties agree that a facsimile of the signatures of the parties and counsel will be the same as the original.

14. The Court shall retain jurisdiction to enforce the terms of this Stipulation and to conduct such further proceedings and award relief as may be necessary to resolve any breach of this Agreement by any of the Parties.

15. This Stipulation shall become effective upon the Court's entry of this Stipulation and at that time shall be the final expression of the parties' voluntary, full, final, and complete settlement agreement.

16. The Parties understand that this Stipulation contains the entire agreement between Plaintiff and Defendant; that no promise or inducement has been made except as set forth herein; and that no representations, oral or otherwise, between Plaintiff and Defendant, or their respective counsel, not included herein shall be of any force and effect.

17. This Stipulation of Settlement may not be altered, modified, withdrawn, waived, rescinded or supplemented except by written instrument executed by duly authorized representatives of both parties.

Executed this 3rd day of July, 2008.

                                          Respectfully submitted,

*/s/ Philip R Kete*                      */s/ Jeffrey A. Taylor/duh*
PHILIP ROBERT KETE, Esq.          JEFFREY A. TAYLOR
General Counsel, AFGE, Local 1923    D.C. BAR # 498610
D.C. Bar # 375724                United States Attorney
G-314 West Highrise
6401 Security Blvd.
Baltimore, MD 21235              */s/*
(410) 966-6500
Counsel for Plaintiff             RUDOLPH CONTRERAS
                                      D.C. BAR # 434122
July 2, 2008                      Assistant U.S. Attorney

                                          */s/ Marina Utgoff Braswell*
                                          MICHELLE JOHNSON
                                          D.C. BAR # 491910
                                          MARINA UTGOFF BRASWELL
                                          D.C. BAR #416587
                                          Assistant U.S. Attorney
                                          U.S. Attorney's Office
                                          555 4th Street, N.W.
                                          Washington, D.C. 20530
                                          (202) 514-7139

                                          Counsel for Defendant

I authorize Mr. Kete to sign this settlement on my behalf.

*/s/ Alice Ann Friends*
Alice Ann Friends

July 2, 2008    *July 2, 2008*

Upon consideration of the foregoing settlement agreement and stipulation, <u>Friends v. Astrue</u>, No. 06-1762, is hereby dismissed with prejudice on this _____ day of _____, 2008. SO ORDERED.

                                              _____
                                              HONORABLE ELLEN S. HUVELLE,
                                              UNITED STATES DISTRICT JUDGE